# United States District Court
## EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| **UNITED STATES OF AMERICA** | |
| v. | **ORDER OF DETENTION PENDING TRIAL** |
|     CARLTON A. LEWIS | Case Number: 3:11-CR-49 |
| *Defendant* | (PHILLIPS/GUYTON) |

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing was held on April 25, 2011. The Court concludes that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

[ ]   (1)   The defendant is charged with an offense described in 18 U.S.C. § 3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is
        [ ]   a crime of violence as defined in 18 U.S.C. § 3156(a)(4).
        [ ]   an offense for which the maximum sentence is life imprisonment or death.
        [ ]   an offense for which a maximum term of imprisonment of ten years or more is prescribed in [Part I applicable statute][1]
        [ ]   a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1)(A)-(C), or comparable state or local offenses.

[ ]   (2)   The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

[ ]   (3)   A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

[ ]   (4)   Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternative Findings (A)

[ ]   (1)   There is probable cause to believe that the defendant has committed an offense
        [ ]   for which a maximum term of imprisonment of ten years or more is prescribed.
        [ ]   under 18 U.S.C. § 924(c).
[ ]   (2)   The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

### Alternative Findings (B)

[X]   (1)   There is a serious risk that the defendant will not appear.
[ ]   (2)   There is a serious risk that the defendant will endanger the safety of another person or the community.

### Part II - Written Statement of Reasons for Detention

Based on the Bail Reform Act of 1984, and applicable case law, including but not limited to United States v. Stone, 608 F.3d 939 (6th Cir. 2010), and the evidence presented in this matter, the 18 U.S.C. § 3142(g) factors require detention: nature and circumstances of offense (credit card fraud and identity theft); weight of the evidence (strong evidence of guilt); history and characteristics of defendant, (no employment) (no well established residence), no family ties to area, (dual citizen of Canada and the United States, with immediate family (father) ties to Trinidad); recent travel to Mexico and Trinidad.

Defendant has created a fake drivers license and fake credit cards, for his personal use. Defendant has demonstrated the ability to assume a different identity and to manufacture credit cards to generate large amounts of cash. This demonstrates that absconding is readily available to the Defendant, thus making him a serious risk of flight. United States v. Spears, 2010 WL 2427439. As in Spears. The offer by the Defendant's mother to be third party custodian,

---

[1] Insert as applicable: (i) Controlled Substances Act (21 U.S.C. sec. 801 *et seq.*); (ii) Controlled Substances Import and Export Act (21 U.S.C. sec. 951 *et seq.*); or (iii) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. sec. 955a).

however well-intentioned, does not alleviate the risk of flight. Moreover, the Defendant does have dual Canadian/United States citizenship. "Anyone that has dual passports, dual citizenship with passports even though they are now retained by the federal government, is always suspect of having available avenue to flee." United States v. Martinez, 2009 WL 702828. In addition, the evidence presented against the Defendant establishes that he can create, and travel with, fraudulent identity documents and that he has the skill to unlawfully generate enough money to flee.

The United States Probation Office has recommended detention based on risk of flight.

The government asserts that the Defendant also should be detained on grounds of dangerousness. There is some authority that a defendant may pose a danger to the community even where there is no showing that the defendant is likely to engage in violence. This is so-called economic or financial danger. United States v. Reynolds, 956 F.2d 192 (9th Cir. 1992). The Court, however, need not address this argument, as the Court finds detention is required under the lower (preponderance) standard of risk of flight.

The evidence and other information provided at the hearing established by a preponderance of the evidence that the defendant is a serious risk to not appear at trial. Accordingly, no condition or combination of conditions will reasonably assure the defendant's presence for future court appearances, if the defendant were to be released on bond. Therefore, the defendant shall be detained pending trial.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

Dated: May 2, 2011

       s/ H. Bruce Guyton  
United States Magistrate Judge